# EXHIBIT C

CONTESTED

FILED Jun 05, 2013

LITVIN LAW FIRM, P.C.
1716 Coney Island Avenue
Suite 5R
Brooklyn, New York 11230
(718) 307-5684
*Attorneys for Defendant Denard C. Trapp*

| | |
|---|---|
| GDBT I TRUST 2011-1<br><br>Plaintiff,<br><br>v.<br><br>DENARD C. TRAPP; MRS. DENARD C. TRAPP HIS WIFE; CAPITAL ONE BANK USA NA; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR FGC COMMERCIAL MORTGAGE FINANCE DBA FREMONT MORTGAGE<br><br>Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>MONMOUTH COUNTY<br><br>DOCKET NO. F-11243-13<br><br>Civil Action<br><br>**CONTESTING ANSWER, AND AFFIRMATIVE DEFENSES** |

## ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

COMES NOW the Defendant, DENARD C. TRAPP, by and through his Attorneys, LITVIN LAW FIRM P.C. as and for his Answer to Plaintiff's Complaint and Affirmative Defenses state:

### CONTESTING ANSWER

Defendant by way of Answer to the Complaint in Foreclosure says:

### AS TO THE FIRST COUNT

1. Defendant lacks knowledge or information sufficient enough to form an opinion on the truth of the allegation in Paragraph 1. To the extent that a more definitive response is required, Defendant denies the allegations.

1

2. Defendant lacks knowledge or information sufficient enough to form an opinion on the truth of the allegation in Paragraph 2. To the extent that a more definitive response is required, Defendant denies the allegations.

3. The allegation in Paragraph 3 is a legal conclusion, therefore no response is required. To the extent that a response is required, Defendant denies the allegation.

4. The allegation in Paragraph 4 is a legal conclusion, therefore no response is required. To the extent that a response is required, Defendant denies the allegation.

5. The allegation in Paragraph 5 is a legal conclusion, therefore no response is required. To the extent that a response is required, Defendant denies the allegation.

6. The allegation in Paragraph 6 is a legal conclusion, therefore no response is required. To the extent that a response is required, Defendant denies the allegation.

7. Defendant is without knowledge as to the metes and bounds description of the subject property, and leave Plaintiff to its proofs.

8. Defendant lacks knowledge or information sufficient enough to form an opinion on the truth of the allegation in Paragraph 8. To the extent that a more definitive response is required, Defendant denies the allegation.

9. Defendant lacks knowledge or information sufficient enough to form an opinion on the truth of the allegation in Paragraph 9. To the extent that a more definitive response is required, Defendant denies the allegation.

10. Defendant lacks knowledge or information sufficient enough to form an opinion on the truth of the allegation in Paragraph 10. To the extent that a more definitive response is required, Defendant denies the allegation.

11. Denied.

12. Defendant lacks knowledge or information sufficient enough to form an opinion on the truth of the allegation in Paragraph 12. To the extent that a more definitive response is required, Defendant denies the allegation.

13. Defendant lacks knowledge or information sufficient enough to form an opinion on the truth of the allegation in Paragraph 13. To the extent that a more definitive response is required, Defendant denies the allegation.

14. Defendant lacks knowledge or information sufficient enough to form an opinion on the truth of the allegations in Paragraph 14 and 14.1. To the extent that a more definitive response is required, Defendant denies the allegations.

15. Defendant lacks knowledge or information sufficient enough to form an opinion on the truth of the allegation in Paragraph 15. To the extent that a more definitive response is required, Defendant denies the allegation.

16. Defendant lacks knowledge or information sufficient enough to form an opinion on the truth of the allegation in Paragraph 16. To the extent that a more definitive response is required, Defendant denies the allegation.

17. Defendant lacks knowledge or information sufficient enough to form an opinion on the truth of the allegation in Paragraph 17. To the extent that a more definitive response is required, Defendant denies the allegation.

## AS TO THE SECOND COUNT

1. The allegation in Paragraph 1 is incorporative, therefore no response is required.

2. Defendant lacks knowledge or information sufficient enough to form an opinion on the truth of the allegation in Paragraph 2. To the extent that a more definitive response is required, Defendant denies the allegation.

3. Defendant lacks knowledge or information sufficient enough to form an opinion on the truth of the allegation in Paragraph 3. To the extent that a more definitive response is required, Defendant denies the allegation.

4. Defendant lacks knowledge or information sufficient enough to form an opinion on the truth of the allegation in Paragraph 4. To the extent that a more definitive response is required, Defendant denies the allegation.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Fair Foreclosure Act)

Plaintiff's complaint seeks to foreclose upon a "residential mortgage" as defined by the New Jersey Fair Foreclosure Act, N.J.A.A. 2A:50-53 *et. seq.*, and therefore Defendant is entitled to the protections and requirements set forth in the "FFA".

Plaintiff failed to comply with the Fair foreclosure Act in some or all of the following ways:

(a) Plaintiff failed to serve Defendant with a proper Notice of Intent to Foreclose, by registered or certified mail, return receipt requested at least thirty (30) days in advance of the filing of the complaint; and/or

(b) To the extent that a Notice of Intent to Foreclose was served upon Defendant, that Notice did not comply with the requirements of the FFA as enumerated in N.J.S.A. 2A:50-56(e).

### Second Affirmative Defense
### Failure to Mitigate Damages

Upon information and belief, and subject to further discovery, Plaintiff has failed to mitigate damages. Plaintiff has had ample opportunity to reduce any damages by either modifying or refinancing its loan or to sell its collateral on the open market. However, Plaintiff refuses to do so despite reasonable opportunities, and chooses to have the damages accumulate and increase, and the end result will be less net return on Plaintiff's loan than what Plaintiff has been offered since the alleged default, thereby increasing its own damages at the expense of the Defendant.

### Third Affirmative Defense
### Unlawful Collection of Fees

Upon information and belief and subject to further discovery, Defendant believes Plaintiff has charged and/or collected payments from Defendant for attorney fees, legal fees, foreclosure costs, other fees and charges including inspection fees and late fees and has wrongfully added and continues to unilaterally add these charges to the balance Plaintiff claims is due and owing under the subject note and mortgage. Thus, Plaintiff is estopped or has waived

its right to foreclose and is otherwise before this Court with unclean hands. Plaintiff is barred by reason of acts, omissions, representations and courses of action as to the value and affordability of the property sued upon, which Defendant was led to rely on to his detriment, thereby barring, under the doctrine of equitable estoppel, any causes of action asserted by the Plaintiff against the Defendant.

### Fourth Affirmative Defense
### Plaintiff is not a Holder in Due Course

Subject to discovery, Defendant alleges Plaintiff is not a "holder in due course" in that the Plaintiff has not attached a copy of the mortgage and Note to the Complaint. If the note is in default during any link in the transfer process, the holder in due course status is lost.

### Fifth Affirmative Defense
### Plaintiff Fails to State a Cause of Action

Upon information and belief and subject to further discovery, Defendant alleges that Plaintiff's Complaint fails to state a cause of action for which relief can be granted because Plaintiff did not own and hold the Note and Mortgage sued upon at the time of filing this action, and did not have standing to proceed.

### Sixth Affirmative Defense
### Failure of Contractual Condition Precedent

The right of the Plaintiff to accelerate the balance due on the subject Promissory Note, according to the terms of the Mortgage, is optional and under these circumstances, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., Plaintiff is required to send a Notice of Default and Intent to Accelerate before any acceleration of the subject debt is effective. Upon information and belief and subject to further discovery, Plaintiff failed to provide

6

Defendant with a Notice of Default and Intent to accelerate that complies with applicable law of the subject mortgage and the Default and Notice sections of the Promissory Note. As a result, Defendant has been denied a good faith opportunity, pursuant to the mortgage and the servicing obligations of the Plaintiff, to avoid acceleration and this foreclosure.

### Seventh Affirmative Defense
### Lack of Standing

The Plaintiff is not the originating lender, and has provided no proof that they currently hold the subject mortgage. Furthermore, the mortgage loan at issue was never placed in the Plaintiff Trust in accordance with the applicable Pooling & Servicing Agreement which created the Trust. Therefore Plaintiff lacks standing to foreclose on this mortgage loan.

### Eighth Affirmative Defense
### Ongoing Discovery

Discovery is ongoing at this time and Defendant reserves the right to add additional affirmative defenses as they become known in discovery.

WHEREFORE, Defendant requests the Court dismiss the Plaintiff's Complaint without prejudice, and for all other relief to which this Defendant proves himself entitled including an award of reasonable attorney's fees and costs in this action, including, but not limited to:

1. Award Defendant all statutory and actual damages;

2. Award Defendant all compensatory damages;

3. Award pre-judgment interest on all amounts;

4. Award court costs and reasonable attorney's fees, as provided by the Note and Mortgage and aforementioned state/federal statutes;

5. Rescind the transaction and order Plaintiff to take all action necessary to terminate any of its security interest in Defendant's property created under the transaction and declare all such security interests void, including, but not limited to, the Mortgage related to the transaction;

6. Order the return to Defendant's any money or property given by Defendant's to anyone in connection with the transaction;

7. Enjoin Plaintiff during this action and permanently thereafter from instituting, prosecuting or maintaining foreclosure proceedings on Defendant's property; and

8. Grant all other relief as this Court deems just and proper under the circumstances.

DATED:   May 28, 2013

Respectfully Submitted By:
LITVIN LAW FIRM, P.C.

SALMAN ISMAT, ESQ
Attorney for Defendants
1716 Coney Island Avenue
Suite 5R
Brooklyn, NY 11230
Tel. (718) 307-5684
Fax (347) 713-1465

## CERTIFICATION

In accordance with Rule 4:5-1, I hereby certify that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding. No other arbitration or other action is contemplated in relation to this matter. We also hereby certify that at this time, there are no other parties who should be joined to the action.

DATED:   May 28, 2013

By: _____
Salman Ismat, Esq.
LITVIN LAW FIRM, P.C.

AFFIRMATION OF SERVICE

SALMAN ISMAT, Esq. an attorney admitted to the practice of law in the courts of this state, and associated with Litvin Law Firm, P.C., as attorney for Defendant herein, affirms that a copy of the foregoing ANSWER was served by US Mail, May 28, 2013 upon:

> Kathryn M. Gilberston Shabel, Esq.
> Parker McCay, P.A.
> 9000 Midlantic Drive, Suite 300
> P.O. Box 5054
> Mount Laurel, NJ 08054-1539
> Attorneys for Plaintiff

DATED: May 28, 2013

Respectfully Submitted

By: _____

SALMAN ISMAT, ESQ
Attorney for Defendants
LITVIN LAW FIRM, P.C.
1716 Coney Island Avenue, Suite 5R
Brooklyn, NY 11230
(718) 307-5684

10



# LITVIN LAW FIRM, P.C.

Gennady Litvin, Esq.*
Yuriy Moshes, Esq.**
Salman Ismat, Esq.**
*Licensed in NY and FL
** Licensed in NY and NJ

OF COUNSEL:
Rebecca Carmen, Esq.
Licensed in NY

FIRST CLASS MAIL

May 28, 2013

Clerk of the Superior Court
Hughes Justice Complex
25 Market Street
P.O. Box 971
Trenton, NJ 08625-0971

        Re: GDBT I TRUST 2011-1 v. Denard C. Trapp, et al.
        Docket Number: F-11243-13

Dear Sir/Madam:

Enclosed please find an original and a copy of the Answer along with a check for the filing fee and a stamped self-addressed envelope. Kindly stamp a copy of the answer and return it to this office.

Please feel free to contact this office if you have any further questions.

Respectfully yours,

Salman Ismat
Attorney at Law

cc: Kathryn M. Gilberston Shabel, Esq. (Attorney for Plaintiff)

MAIN OFFICE:
1716 Coney Island Ave., Suite 5R
Brooklyn, NY 11230

Business Office (718) 307-5684
Fax (347) 713-1465

1 Bridge Plaza N, Suite 214
Fort Lee, NJ 07014