UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENARD C. TRAPP,<br><br>          Plaintiff,<br><br>v.<br><br>KENNETH DOWNEY,<br><br>          Defendant. | Civil Action No. 3:22-cv-00055-PGS-DEA<br><br>Civil Action |

**DEFENDANT KENNETH DOWNEY'S BRIEF IN SUPPORT OF
NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

*DiFrancesco, Bateman, Kunzman,
Davis, Lehrer & Flaum, P.C.*
15 Mountain Boulevard
Warren, NJ 07059
(908) 757-7800
Attorneys for Defendant Kenneth Downey
Improperly pleaded as Kevin Downey

On the Brief:
    Paul R. Rizzo, Esq.

{A1450306.1 }

## TABLE OF CONTENTS

Page

Statement of Facts ............................................................................................. 1

Legal Argument ................................................................................................ 1

Conclusion........................................................................................................ 3

## TABLE OF AUTHORITIES

Case | Page

Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) .............................. 2

Gomez v. Toledo, 446 U.S. 635, 640, 100 S. Ct. 1920, 1923,
64 L.Ed. 2d 572 (1980) .................................................................. 2

Groman v. Township of Manalapan, 47 F. 3d 628, 633 (3d Cir. 1995), citing ........... 2

Louisville and Nashville R. Co. v. Mottley, 211 U.S. 149 (1908) ............................. 2

Oklahoma Tax Commission v. Graham, 489 U.S. 838, 840-41 ............................. 2

Taylor v. Anderson, 234 U.S. 74, 75-76 (1914) ............................................. 2

Authorities

28 U.S.C. §1331 ............................................................................. 2

## STATEMENT OF FACTS

The Plaintiff has filed a Complaint pro se completing a form obtained from the Court and apparently filing the Complaint on or about January 18, 2022. Service was not effected until on or about April 6, 2022.

The Plaintiff previously owned the property which is now the residence of the Defendant and his family. Plaintiff lost ownership of the property in a foreclosure action prior to August 2018. The Defendant, with his fiancé, Jeanine Marsico, purchased the property on August 17, 2018. The Plaintiff has refused to acknowledge the loss of his property in foreclosure, and has been convicted of harassing and stalking the Defendant and his family.

In his Complaint, the Plaintiff sets forth the following as his basis for jurisdiction:

> Perjury, possession of stolen property N.J.S.A. 2C:20-7, under false pretenses; in criminal law, property is obtained by false pretenses when the acquisition results from intentional misrepresenting of a past or existing fact. Therefore, the person who obtains ownership of property by deceit does not obtain full title to the property; only a voidable title.

The Plaintiff sets forth no other information, and clearly does not set forth any Federal statute, Federal treaty, or provision of the U.S. Constitution at issue.

## LEGAL ARGUMENT

In the Statement of Claim, Plaintiff alleges that the Defendant "knowingly give (sic) false testimony of a pertinent nature during the 18-11-01516-I. Then submitted or declared, contradictory statements to the Superior Court of New Jersey Appellate Division for Docket No. A-4178-18. This denied me due process and a fair trial, years of my life and year (sic) from my children".

Pursuant to 28 U.S.C. §1331, Federal jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States". Federal question

jurisdiction is present when a claim "arises under the Constitution, laws or treaties". See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); 28 U.S.C. 28 U.S.C. §1331. Whether a claim "arises under" Federal law, thereby providing for Federal jurisdiction is determined by the application of the "well-pleaded complaint rule". Oklahoma Tax Commission v. Graham, 489 U.S. 838, 840-41. This rule states:

> Whether a case is one arising under "Federal law", in the sense of the jurisdictional statute, . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

Id. at 840 (citing Taylor v. Anderson, 234 U.S. 74, 75-76 (1914); Louisville and Nashville R. Co. v. Mottley, 211 U.S. 149 (1908)).

Plaintiff clearly does not allege a cause of action arising under the Constitution, laws or treaties of the United States. While his claims are frivolous on their face, even if accepting such allegations as true, they do not provide a basis for Federal jurisdiction. As stated, Plaintiff's basis for jurisdiction is a claim that the Defendant is in possession of stolen property, and he cites the New Jersey criminal statute regarding such. While the proposition is ludicrous, the Plaintiff having lost ownership of his property through judicial process, the determination of whether the Defendant is in possession of stolen property is a question of State statute and accordingly, there is no proper basis for Federal jurisdiction.

Similarly, to the extent Plaintiff alleges that the Defendant committed some unspecified perjury, and therefore denied him due process, the denial of due process requires that the person allegedly having committed such be acting under color of law. Groman v. Township of Manalapan, 47 F. 3d 628, 633 (3d Cir. 1995), citing Gomez v.

{A1448539.1 }                                    2

Toledo, 446 U.S. 635, 640, 100 S. Ct. 1920, 1923, 64 L.Ed. 2d 572 (1980). Plaintiff does not allege that the Defendant was acting under color of law, as he could not have been. Accordingly, the Plaintiff has not properly plead an action for deprivation of due process and such cannot be the basis for claiming Federal jurisdiction.

Simply stated, Plaintiff's Complaint arises under State law, and there is no basis for Federal jurisdiction.

## CONCLUSION

For the foregoing reasons, the Defendant respectfully requests that the Court dismiss the Complaint of the Plaintiff for lack of jurisdiction.

Paul R. Rizzo

Dated: April 26, 2022